**NORTHERN PAC. RY. CO. et al. v. COONEY, Governor, et al.**

No. 1512.

District Court, D. Montana.

Sept. 24, 1935.

Gunn, Rasch, Hall & Gunn, of Helena, Mont., Clift & Glover, of Great Falls, Mont., Murphy & Whitlock, of Missoula, Mont., and Corette & Corette, of Butte, Mont., for plaintiffs.

Raymond T. Nagle, Atty. Gen., of Montana, and Enor K. Matson, Asst. Atty. Gen., of Montana, for defendants.

Before GARRECHT, Circuit Judge, and CUSHMAN and PRAY, District Judges.

PRAY, District Judge.

This suit was brought by the above-named plaintiffs against the above-named defendants praying for a decree declaring void that certain statute enacted by the Legislative Assembly of the state of Montana requiring all railroad engines and · locomotives to be equipped with a rear headlight (Laws Mont. 1935, c. 75), as one in violation of the commerce clause of the Federal Constitution (art. 1, § 8, cl. 3), and also in violation of the Fourteenth Amendment thereof. Application was made by plaintiffs for an interlocutory injunction to restrain the defendants from enforcing the statute in question during the pendency of the suit, to be made perpetual on final hearing. A temporary restraining order was issued pending the determination of the above application.

The real question for us to consider is whether the state statute is violative of the commerce clause of the Constitution of the United States, article 1, § 8, cl. 3 thereof, as carried into effect by the Act of Congress, approved June 7, 1924 (43 Stat. 659, 45 USCA §§ 22–27), amending the Boiler Inspection Act, which provides: "It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb, and unless said locomotive, its boiler, tender, and all parts and appurtenances thereof have been inspected from time to time in accordance with the provisions of this act [sections 28, 29, 30, and 32] and are able to withstand such test or tests as may be prescribed in the rules and regulations hereinafter provided for." Section 2, as amended, 45 USCA § 23.

It is alleged that the railroads of all of the plaintiffs extend into, through, and across the state of Montana, with branch lines in said state, and constitute highways of interstate commerce, and that there are now in operation in the state of Montana on said roads and highways several hundred road locomotives and yard or switch locomotives which are not equipped with headlights as required by the Montana statute aforesaid.

Obviously, the state statute in question cannot stand in the face of the clear and unmistakable language of Mr. Justice Brandeis in Napier v. Atlantic Coast Line, 272 U. S. 605, 47 S. Ct. 207, 71 L. Ed. 432, as it appears to the court this case affords a conclusive reply to the contentions of the defendants and is unanswerable on the state of facts presented here. The proposed rear light on the tender would be a part of the locomotive equipment, made so by the quoted amendment to the Boiler Inspection Act, and comes within the exclusive jurisdiction of the Interstate Commerce Commission. It is plain to be seen that such a light as is here proposed would be a benefit to and add to the safety of switchmen in railroad yards, and likewise to the public when encountering grade crossings at or near station grounds, but however desirable such equipment might be, relief must be sought by application to the commission; it is evident from a plain reading of the above authority that the states do not possess the power to enact such legislation.

The defendants also rely upon the Napier Case, supra, and admit that in this case a state statute requiring automatic fire box doors and cab curtains conflicted with the act of Congress of 1924 (45 USCA § 22 et seq.), but offer the explanation that these appliances were clearly within the act of Congress, their primary purpose being the safety of the engineer and fireman; that these appliances affected the safety of travelers and the public only indirectly; that the rear headlight required by the Montana statute is not a safety appliance for the protection of engine employees, but is pri-

marily intended for the protection of the public, and only incidentally does it affect the safety of engine employees.

Justice Brandeis said in the Napier Case, 272 U. S. 605, pages 612 and 613, 47 S. Ct. 207, 209, 71 L. Ed. 432: "The argument mainly urged by the states, in support of the claim that Congress has not occupied the entire field, is that the federal and the state laws are aimed at distinct and different evils; that the federal regulation endeavors solely to prevent accidental injury in the operation of trains, whereas the state regulation endeavors to prevent sickness and disease due to excessive and unnecessary exposure; and that whether Congress has entered a field must be determined by the object sought through the legislation, rather than the physical elements affected by it. Did Congress intend that there might still be state regulation of locomotives, if the measure was directed primarily to the promotion of health and comfort, and affected safety, if at all, only incidentally?

"The federal and the state statutes are directed to the same subject—the equipment of locomotives. They operate upon the same object. It is suggested that the power delegated to the Commission has been exerted only in respect to minor changes or additions. But this, if true, is not of legal significance. It is also urged that, even if the Commission has power to prescribe an automatic fire box door and a cab curtain, it has not done so, and that it has made no other requirement inconsistent with the state legislation. This, also, if true, is without legal significance. The fact that the Commission has not seen fit to exercise its authority to the full extent conferred, has no bearing upon the construction of the act delegating the power. We hold that state legislation is precluded, because the Boiler Inspection Act, as we construe it, was intended to occupy the field. The broad scope of the authority conferred upon the Commission leads to that conclusion. Because the standard set by the Commission must prevail, requirements by the states are precluded, however commendable or however different their purpose. Compare Louisville & Nashville R. Co. v. State, 16 Ala. App. 199, 76 So. 505; Whish v. Public Service Commission, 205 App. Div. 756, 200 N. Y. S. 282; Id., 240 N. Y. 677, 148 N. E. 755;

Staten Island Rapid Transit R. Co. v. Public Service Commission [D. C.] 16 F.(2d) 313."

In view of the foregoing and other equally emphatic expressions of like tenor in the same decision, there appears to be no room for doubt as to the invalid character of the state statute under consideration. See, also, Chesapeake & O. Ry. Co. v. Wood (C. C. A.) 59 F.(2d) 1017, certiorari denied Id., 287 U. S. 646, 53 S. Ct. 92, 77 L. Ed. 559. Since it was agreed that said cause was before the court upon final hearing, it is ordered that the restraining order or preliminary injunction heretofore issued in said cause be continued and made perpetual.

All concur.